[Crim. No. 1139.   Department Two.—August 1, 1904.]

THE PEOPLE, Respondent, v. FRANCIS T. ALLEN, Appellant.

CRIMINAL LAW—RAPE—REVIEW UPON APPEAL — INSTRUCTIONS — PRESUMPTIONS.—Upon appeal from a conviction for rape, where the attack is upon the instructions given by the court, and no statement of the case or bill of exceptions embodying the evidence is in the record, it must be presumed, in considering the instructions, that they were pertinent to the evidence; and all reasonable presumptions in this regard must be indulged to support them.

ID.—REVIEW OF INSTRUCTION ASSUMING FACT.—In the absence of the evidence it will be presumed upon review of an instruction assuming as a fact that the drawers of the prosecutrix were thrown through a window, at the time of the commission of the offense relied upon, that such fact was undisputed or admitted.

ID.—SELECTION OF PARTICULAR ACT—CIRCUMSTANCES—INSTRUCTION AS TO TIME.—Where an instruction showed that the prosecution having proved several acts of sexual intercourse with a female under the age of consent, had selected, as the offense charged, a particular act committed at a particular house, at the time when the drawers

of the prosecutrix were thrown through the window, it having been selected by reference to circumstances rather than the date, it was proper in the instruction to charge the jury that the prosecution had made out its case if it established the crime according to the circumstances, as having been perpetrated upon any day within three years prior to the filing of the information.

ID.—REFUSAL OF INSTRUCTION AS TO VERDICT—PRESUMPTION.—In support of the action of the court in refusing an instruction that the jury might convict of the crime alleged or of the lesser crime of an assault with intent to commit rape, the refusal being based on the alleged ground that the case was not one of force or assault, it will be presumed, in the absence of the evidence, that upon the evidence a verdict of guilty or not guilty was the only verdict which could properly be rendered in the case.

ID.—REFUSAL OF INSTRUCTION AS TO CORROBORATIVE EVIDENCE.—The refusal of an instruction upon the subject of corroborative evidence, which admonished the jury of the danger of a conviction upon uncorroborated evidence, was justified both on the ground that it was argumentative and in the nature of a special plea, and upon the ground of a presumption, in the absence of the evidence, that the instruction was not applicable to the facts.

ID.—INSTRUCTION TO DISREGARD EVIDENCE—ABSENCE OF EVIDENCE.—An instruction to the jury to disregard testimony concerning the fact of sexual intercourse by the defendant with other little girls cannot justify a reversal of the case, in the absence of the evidence. In such absence a statement in appellant's brief that this was an attempt to cure a gross error made in admitting the evidence over defendant's objection cannot be accepted; nor can it be known to this court whether the court below was not right in its first ruling and wrong in its direction to the jury.

ID.—REFUSAL OF INSTRUCTION—ABSENCE OF OUTCRY—PRESUMPTION.—In the absence of the evidence it will be presumed that the court properly refused as inapplicable to the facts an instruction requested by the defendant that the jury should consider the fact that the prosecuting witness made no outcry at the time of the alleged rape, and concealed the fact for a considerable length of time thereafter. It will be presumed in justification of the court's refusal that the rape was not committed by force or violence, but was committed upon a female actually consenting who by reason of her tender years was incapable of legal assent.

APPEAL from a judgment of the Superior Court of Ventura County. J. S. Noyes, Judge presiding.

The facts are stated in the opinion of the court.

W. E. Shepherd, and Blanchard & Bowker, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

HENSHAW, J.—Defendant was convicted of rape perpetrated upon a female under the age of consent. He moved for a new trial and his motion was denied. He appeals from the judgment and from the order of the court refusing his motion for a new trial.

Upon this appeal he presents no statement of the case nor bill of exceptions, but brings up the judgment-roll alone. None of the evidence is before us. His attack is upon the instructions given by the court. Since the defendant has failed to present to us the evidence bearing upon the instructions it must be presumed, in considering them, that they were pertinent to the evidence in the case. Indeed, more, all reasonable presumptions in this regard must be indulged to support them. "All intendments of the law are in favor of the regularity of the judgment and proceedings of the court below, and it is incumbent upon appellants to show error affirmatively." (*People* v. *Winters,* 29 Cal. 658; *People* v. *Gibson,* 106 Cal. 458; *People* v. *Ebanks,* 117 Cal. 665.)

We come to the consideration of the instructions which are attacked, bearing in mind the foregoing indisputable rule.

1. Several acts of sexual intercourse having been testified to by the prosecutrix, the district attorney, on motion of defendant, elected one such act alleged to have occurred at what was known as the "Blue House" at the time when it was alleged the drawers or "panties" of the prosecutrix were thrown out of a window. The court in this regard instructed the jury as follows: "The crime alleged against the defendant, and the one the people have selected as the one they intend to prove, is that the defendant, in the house designated as the 'Blue House,' in the city of Santa Paula, county of Ventura, state of California, at the time the drawers or 'panties' of the witness, Drusilla Larsen, were alleged to have been thrown through the window, did willfully, unlawfully, and feloniously have sexual intercourse with said Drusilla Larsen, a female, the said Drusilla Larsen being then and there under the age of sixteen years, and the said Drusilla Larsen not being then and there the wife of the defendant.

"Now the exact date of this occurrence is not necessary,

so long as the occurrence happened within three years prior to the filing of the information in this case. By this I mean that the people are not obliged to prove that the crime was committed exactly on the tenth day of September, 1903, but that they can prove the crime to have been committed at any time within three years prior to the filing of the information, so long as they prove the crime to be the crime that is alleged to have been committed by the defendant at the house designated as the 'Blue House,' in the city of Santa Paula, county of Ventura, state of California, and at the time when the drawers or 'panties' of Drusilla Larsen were alleged to have been thrown through the window.

"This is the crime the people have selected as the one alleged in the information, and this is the crime you are to find the defendant either guilty or not guilty of, in case you should agree upon a verdict."

Objections are urged against this instruction, first, that it assumes the fact that the drawers of the prosecutrix were thrown through the window, and, second, that it was error to charge the jury that it was not necessary for the prosecution to show that the crime, if committed, was committed upon the tenth day of September. As to the first of these propositions it will be assumed, in the absence of evidence and to support the instruction, that it stood as an undisputed or admitted fact, that the girl's drawers were thrown from a window of the "Blue House." "An instruction which assumes a fact as proved will not warrant a reversal if the fact is admitted, or there is no shadow of conflict of evidence with respect to it." (*People* v. *Messersmith*, 61 Cal. 249; *People* v. *Phillips*, 70 Cal. 61; *People* v. *Lee Sare Bo*, 72 Cal. 623; *People* v. *Putnam*, 129 Cal. 263.) As to the second contention it is sufficient to say that the particular act having been selected by reference to circumstances rather than to date, it was proper for the court to instruct the jury, as it did, that the prosecution had made out its case if it established the crime according to the circumstances as having been perpetrated upon any day within three years prior to the filing of the information. (*People* v. *Sheldon*, 68 Cal. 437.)

2. The court refused to give an instruction to the effect that the jury might convict of the crime charged or of the lesser crime of assault with intent to commit rape, and justified

its refusal by stating that the case was not a case of force or assault. In support of the ruling it will be assumed, in the absence of the evidence, that the proposed instruction was properly rejected, and that this case stood like that of *People* v. *Castro*, 133 Cal. 13, where this court said that upon the evidence a verdict of guilty or not guilty was the only verdict which could properly be rendered in the case.

3. Complaint is made of a modification of an instruction made by the court in striking out a declaration to the effect that the proof must establish that the crime was committed on the tenth day of September, 1903, but, for the reasons given under paragraph 1 foregoing, it was proper for the court so to have modified the instruction.

4. The court refused to give an instruction upon the subject of corroborative evidence which "admonished the jury of the danger of a conviction on such uncorroborated evidence," etc. The refusal was justified, in the first place, because the instruction was argumentative and in the nature of a special plea, and, in the second place, justified (in the absence of the evidence) upon the ruling of the court that it was not applicable to the facts.

5. The court instructed the jury as follows: "You are not under any circumstances to take into consideration the testimony concerning the fact of sexual intercourse defendant is alleged to have had with other little girls or any one. This, remember, gentlemen, you are not to consider and you are therefore to wholly disregard it." It is said that this was an attempt "to cure a gross error made in admitting, under objection of defendant, testimony as to the alleged fact that defendant had intercourse with other little girls." But, again, we repeat, as the evidence is not before us, this statement from appellant's brief cannot be accepted. To the contrary, the rule applicable to this instruction, under these circumstances, is that expressed in *People* v. *Olson*, 80 Cal. 123, where it is said: "Counsel for appellants contend that certain evidence was improperly admitted, and claim that we can consider the action of the court in overruling their objection thereto, in the absence of the evidence, because it appears from the instructions of the court that the jury were instructed not to consider the same. But the fact that the court, in effect, acknowledged its error in admitting the testimony,

by thus instructing the jury, cannot justify a reversal of the case. So far as we know, the court below may have been right in its first ruling, and wrong in directing the jury not to consider the evidence.''

6. It is urged that the court erred in refusing to give an instruction to the effect that the jury should consider the fact that the prosecuting witness made no outcry at the time of the alleged rape, and concealed the fact for a considerable length of time thereafter. The trial judge refused to give the instructions as inapplicable to the facts. It will be presumed, in justification of the court's refusal, that the rape was not committed by force or violence, but was committed upon a girl actually consenting, but, by reason of her tender years, incapable of legal assent.

This disposes of all the points raised by appellant, and for the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.