[Crim. No. 886. First Appellate District, Division One.—February 18, 1921.]

THE PEOPLE, Respondent, v. LUIGI MUSUMECI, Appellant.

[1] CRIMINAL LAW—WEIGHT OF EVIDENCE—QUESTION FOR JURY.—In a criminal case, the weight of the testimony, the credibility of witnesses, and the necessary deductions to be drawn from the evidence are matters addressed to the consideration of the jury.

[2] ID.—PLEA OF SELF-DEFENSE — SUFFICIENCY OF PROOF — QUESTION FOR JURY.—In such a case, disputed questions as to whether or not the plea of self-defense is sound or is corroborated are for the determination of the jury.

[3] ID.—INSTRUCTIONS REQUESTED BY DEFENDANT—LAW OF CASE.—In such a case, the defendant cannot claim prejudice based upon the omission of the court in its charge to specifically state that the instructions offered by the defendant are the law of the case, in the absence of a request for such an instruction, and the jury is generally instructed that they must accept the instructions as statements of law bearing on the case.

[4] ID.—MURDER—INSTRUCTIONS—JUSTIFIABLE HOMICIDE.—Where in a prosecution for murder the defendant offered as one of his instructions section 199 of the Penal Code, which provides that the homicide appearing to be justifiable or excusable the person indicted must, upon his trial, be fully acquitted and discharged, no harm was done by the modification of the instruction by leaving out the words "upon his trial."

[5] ID.—REASONABLE DOUBT AS TO EXISTENCE OF FACTS—ELIMINATION FROM REQUESTED INSTRUCTIONS.—In such a prosecution, it was not error to eliminate from some of the instructions requested by the defendant the admonition that if there was a reasonable doubt as to the existence of certain facts in evidence, it was its duty to find the defendant not guilty, where it was allowed to remain in a number of the other instructions.

[6] ID.—MURDER—PRESUMPTION OF INNOCENCE — SELF-DEFENSE — INSTRUCTIONS.—In this prosecution for murder, the charge, viewed as a whole, sufficiently informed the jury on the law of burden of proof and the presumption of innocence, and also correctly stated and sufficiently covered the law of self-defense.

[7] ID.—ARGUMENTATIVE INSTRUCTIONS.—Instructions which are argumentative and in the nature of special pleas may correctly be refused.

[8] ID.—REPETITION OF INSTRUCTIONS.—Instructions given in substance need not be repeated.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WASTE, P. J.—Defendant was charged by information with the murder of one E. A. Weber. The jury returned a verdict finding him guilty of the crime of manslaughter. He appeals from the order of the trial court denying his

motion for a new trial and from the judgment of imprisonment in the state prison.

Weber, the deceased, was employed as a conductor on one of the street-cars on the Union Street branch of the Municipal Railway system in San Francisco. On the night of April 20, 1919, at about 10:30 o'clock, defendant Musumeci, together with his sister and brother-in-law and their three children, were passengers on his car. A controversy arose between Weber and the defendant over the payment of fares. During the altercation which followed Musumeci drew a revolver and shot the conductor three times, inflicting wounds from which Weber died shortly after. Defendant jumped from the car and fled. Some of the passengers on the car and a police officer pursued him and placed him under arrest. When questioned by the police officer the defendant made a statement concerning the shooting, which, being then and there reduced to writing, the defendant signed. In it he stated that both he and his brother-in-law, La Rocca, had paid the conductor fares for the party; that upon discovering this fact he had demanded return of the money, and was told that it would be necessary for him to go to the office and make his claim; that he insisted upon being paid then and there, and the conductor told him to get off the car, and upon his refusal Weber struck him in the face; that he (defendant) got excited and "lost his head," pulled the gun from his back pocket and shot him (the conductor) three times; that when he shot Weber, the conductor had his hand drawn back to strike him a second time.

[1] At the trial defendant claimed that in shooting Weber he acted in self-defense. The jury rejected his plea and found him guilty of manslaughter. In view of the nature of the charge against defendant and the serious consequences attending his conviction, we have carefully read the testimony in the case. There is evidence in the record which, if believed by the jury, as it evidently was, amply supports the verdict. In fact, we are of the opinion that the defendant may well consider himself extremely lucky that the verdict did not pronounce him guilty of the more serious offense with which he was charged. It is unnecessary for us to review the testimony here, for its weight, the credibility of the witnesses testifying at the trial, and the necessary deductions to be drawn from the evidence were

all matters addressed to the consideration of the jurors.
[2] The disputed questions as to whether or not his plea
of self-defense was sound, or was corroborated, were like-
wise for the jury to determine. (*People* v. *Hecker,* 109 Cal.
451, 458, [30 L. R. A. 403, 42 Pac. 307].)

[3] Appellant's contention upon this appeal appears to
be more directly addressed to the charge that the judge
misdirected the jury. He first complains that the court
identified and segregated the instructions offered by the
defendant to such an extent, and in such a way, as to ad-
vise the jury to give less weight to them than to the instruc-
tions given by the court of his own volition. His complaint
arises from the fact that, after reading the information and
informing the jury as to the nature of the charge, and
giving a number of instructions defining murder, and the
necessary elements entering into that crime, the court said:
"At this time I will read to you the following offered in-
structions. You are to accept them as statements of law
bearing upon the case, and as such they are entitled to your
consideration." The court then gave the instructions offered
by the defendant with such modifications as were proper,
ending with the statement: "That concludes the reading of
the instructions offered by the defendant." The rest of
the charge followed. There was no other segregation or
reference to the defendant's proposed instructions.

We are unable to agree with the appellant that this action
on the part of the trial court was in any way prejudicial
to his interests. The jurors were correctly instructed that
they must accept the instructions "as statements of law
bearing upon the case," and that as such they must con-
sider them. As modified by the court, they appear to be
correct statements of the law. Appellant's counsel in his
brief says: "The instructions proposed by the defendant
are of equal dignity, and to him of vastly greater import-
ance than those given by the court. They are entitled to
more than *consideration* by the jury. They are the law of
the particular case. The jury is *absolutely bound* by them."
It is equally true that the jury is bound to accept every in-
struction given by the court as the law of the case. We
think the jury well understood the court's admonitions to
give due consideration to the charge. If the defendant had
desired an instruction to the effect that the jury were bound
by the instructions of the court, and must accept them as

the law in the case, or, if he desired any other instruction of like import, it was his duty to prepare and submit it to the trial judge with the request that it be given. Not only was that his rightful privilege, but in the instant case he was asked by the court at the conclusion of the charge if there were any other or further instructions that he desired to be given. No error appears to us from this incident of the trial and none will be presumed.

[4] Defendant offered as one of his instructions section 199 of the Penal Code, which reads as follows: "The homicide appearing to be justifiable or excusable, the person indicted must, upon his trial, be fully acquitted and discharged." Appellant complains that the court modified the instruction by leaving out the words "upon his trial." No harm was done by the modification. Under the circumstances, the defendant then being actually on trial before a jury sworn to try him, the sense and meaning of the section was not thereby materially changed.

[5] The defendant offered a large number of correct instructions on the law, based on certain facts in evidence, concluding each with a statement to the effect that if the jury found these facts, or if there was a reasonable doubt that such facts existed, it was then its duty to find the defendant not guilty. In a number of instances the court eliminated this admonition from the instruction. "These excisions," it is claimed by the appellant, had the effect of depriving the defendant of his "right to emphasize" a correctly stated proposition of law, and had the effect of "devitalizing and emasculating" the propositions of law presented in the instructions. He relies upon the decision in *People* v. *Hecker, supra,* in which case the same course was pursued by the trial court as in this. It was held in that case that to eliminate the admonition to "find the defendant not guilty," in case of a reasonable doubt, from one of the instructions was not error, yet the practice was criticised as being unwise. We do not feel that any stronger criticism need be made in the instant case, for, while the court did strike the admonition from several of the instructions, it was allowed to remain in a number of others.

[6] Instructions which are argumentative and in the nature of special pleas may correctly be refused. (*People* v. *Allen,*

144 Cal. 298, 302, [77 Pac. 948] ; *People* v. *Barney,* 114 Cal. 554, 557, [47 Pac. 41].)

There was no error. in striking from the eighth instruction, requested by defendant, the concluding admonition that the jury should "accept his [defendant's] explanation," for the court, in the instruction, properly told the jury that it was the right of the defendant to explain his conduct before and after the death of Weber, and if his explanation created any reasonable doubt in their minds, it was their duty to resolve that reasonable doubt favorably to the defendant.

The defendant requested the court to charge the jury as follows: "You are instructed that the defendant is not bound to prove to your satisfaction beyond all reasonable doubt that he acted in his own defense, nor is it the law that he must prove that he acted in his defense by a preponderance or greater weight, or amount of the evidence. He is only bound to produce such evidence as will create in the minds of the jury a reasonable doubt of his guilt of the offense charged, and, in the case at bar, if you find that the defendant, Luigi Musumeci, has raised or created in your minds a reasonable doubt as to his guilt of the offense charged, it is your duty to resolve such doubt in favor of the defendant *and find him not guilty, even though you may not be entirely satisfied beyond a reasonable doubt or even satisfied by a preponderance of the evidence that he acted in his proper self-defense."* The court modified the instruction by striking out the portion italicized. It would have been proper to give the entire instruction, but we think it was. sufficiently complete without the portion omitted to carry its full import to the jury, and, therefore, no injury was done to the defendant's cause.

[7] The eleventh and twelfth instructions offered by the defendant related, respectively, to the burden of proof and the presumption of innocence. The trial court did not read them in its charge, but noted on each that they were "given in substance." Appellant contends that this is not true, but we find he is mistaken. The court, of its own motion, however, charged the jury that on arraignment the defendant had pleaded not guilty, thus putting in issue every material allegation contained in the information, and then gave the following instructions: "The determination of a

jury in a criminal case involves the proof of two distinct propositions: "first, that the crime charged was committed. and, second, that it was committed by the person accused thereof and on trial therefor.  These two propositions, and every essential and material fact necessary to them, or either of them, must be established by the people to a moral certainty and beyond a reasonable doubt. . . . In every criminal proceeding under our system, the defendant is presumed to be innocent until the contrary is proven, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal at your hands." The court's reference to the presumption of innocence follows the plain letter of the statute.   (Pen. Code, sec. 1096.) This instruction was followed by the simple and approved definition of the term "reasonable doubt."  (*People* v. *Paulsell,* 115 Cal. 6, 11, [46 Pac. 734].)  In other portions of the charge the jurors were instructed that they could return a verdict against the defendant only when they should be satisfied beyond a reasonable doubt that he was guilty under the information; that if they had any reasonable doubt upon the question as to whether the defendant shot the decedent in self-defense, it would be their duty to find him not guilty; that if they had any reasonable doubt upon the question of the defendant's flight, it was their duty to resolve that doubt in favor of the defendant; that if they had any reasonable doubt as to the explanation given by the defendant as to the statements or conduct in connection with the killing of the deceased, it was their duty to resolve that doubt in favor of the defendant.   One other instruction has already been quoted by us in full in another connection.   Viewed as a whole, we think the charge sufficiently informed the jury on the law of the burden of proof and the presumption of innocence.   It is not incumbent upon the trial court in such cases to include in its charge instructions which amount to a reiteration of the points already covered.   **[8]**   The rule is well settled that instructions given in substance need not be repeated. (*People* v. *Elliott,* 119 Cal. 593, 594, [51 Pac. 955].)  "The trial judge should take care to give to the jury, once in clear language, every principle of law applicable to the particular case.   When he has done this, he is not required to repeat any of them, no matter how many separate in-

structions are asked which may include them. Such continual repetition tends to give undue emphasis to the particular point to which they may relate and operates to confuse the jury in their consideration of the evidence." (*People* v. *Bickerstaff*, 46 Cal. App. 764–775, [190 Pac. 656, 661].)

Appellant requested the court to give many instructions bearing upon the law of self-defense. A number were given, some were refused, and others were modified. Further instructions bearing on the same subject were given by the court of his own volition. Appellant contends the court committed error in this regard. Reading these instructions as a whole, we think the law of self-defense was correctly stated and the subject sufficiently covered. (*People* v. *Hecker*, 109 Cal. 451, 463, 464, [30 L. R. A. 403, 42 Pac. 307].)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.