[Crim. No. 209. Fourth Appellate District.—April 3, 1931.]

THE PEOPLE, Respondent, v. JUAN RAMIREZ, Appellant.

Harry W. Horton for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was accused of the crime of burglary in the second degree by an information filed in the Superior Court of Imperial County. He entered a plea of not guilty, but after a trial by jury was found guilty as charged. He prosecuted this appeal from the judgment pronounced upon him.

The evidence shows that a store in the city of Brawley in Imperial County belonging to a man named Samaha was entered and burglarized some time between the closing hour on the evening of Saturday, August 16, 1930, and its opening hour on the morning of Monday, August 18, 1930. When the store was opened on this latter date the clerk in charge discovered that a considerable quantity of merchandise had been removed. A hole had been cut in the tin ceiling of the storeroom over a show window. There were a number of suitcases piled on top of this show window,

which, prior to August 16th, had not been touched or disturbed for a considerable time and upon which had accumulated a quantity of dust. These suitcases had been disturbed by the person making the entry and an examination of them showed finger-marks on one of them. These finger-marks were photographed and compared with the finger-prints of appellant. They were found to be identical and several expert witnesses testified that the finger-marks on the suitcase had been made by appellant.

When appellant was arrested and taken to the police station in Brawley, where his finger-prints were taken and compared with the finger-marks on the suitcase, he was questioned by the arresting officer concerning his connection with the burglary. He denied committing it or having any connection with it but admitted that some time during the night on August 16th he was employed by a man named Gonzales to transport Gonzales and some bundles from Brawley to Calexico. Appellant strenuously objected to the admissibility of this evidence upon the ground "that there is no proper foundation at the time made, to-wit, that this testimony has not shown that any member of the police department of the city of Brawley who was present advised the defendant of his rights, to-wit, that he did not need to answer any question if he did not see fit and if he did answer any questions, that might be used against him". This objection and others to the same effect were overruled. Appellant complains of these rulings of the trial court and assigns them as error.

Appellant maintains that the evidence is not sufficient to support the verdict of the jury and judgment of the court. He complains of errors of law committed by the trial court in overruling his objections to questions propounded by the district attorney to witnesses for the People. We are of the opinion that there is ample evidence in the record to support the verdict and judgment. The fact that the finger-marks of appellant were found on a dusty suitcase on the ceiling of a show window directly beneath the hole cut in the ceiling of the store through which the entry was made by the burglar sufficiently identifies appellant as the person entering the store. The jury was fully justified in concluding that the finger-marks were made by the burglar.

■ Under the law in California it is only necessary to prove that a confession was freely and voluntarily given in order to lay the foundation for its introduction in evidence. It is not necessary to warn a defendant that any statements made by him might be used against him.

"It is settled law that the declarations of a defendant, not amounting to a confession of guilt, are admissible without regard to the question whether or not they were voluntary .or were made under menace or undue influence. And they are not to be rejected as evidence without preliminary proof that they were voluntary because they may, when connected with other facts, tend to establish guilt, or because they amount to a confession of a crime other than that charged against him." (8 Cal. Jur. 100.)

■ The statements of appellant to the police officers did not amount to a confession. In fact he denied his guilt or any connection with the crime with which he was charged.

■ The only possible relevancy or materiality of the extrajudicial statement of which appellant complains was to establish his admission that he was in the city of Brawley on the night of August 16th, which fact was denied by him when testifying in his own behalf. The balance of the statement is clearly incompetent, irrelevant and immaterial. However, counsel did not base his objections upon these grounds.

"It is a general rule that an appellate court will not consider objections to the admission of evidence, unless the precise ground of objection was clearly specified in the trial court. The efficacy of an objection, as a general rule, depends upon the precision with which it is made. And a party cannot be permitted to abandon the ground of objection taken below and assume another upon appeal. A defendant is deemed to have waived all grounds of objection not stated by him." (8 Cal. Jur. 503; *People* v. *Hickman,* 113 Cal. 80 [45 Pac. 175]; *People* v. *Owens,* 123 Cal. 482 [56 Pac. 251].)

The evidence is sufficient to sustain the verdict of the jury and the judgment of the court and no prejudicial error appears in the record.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.