[Crim. No. 1684. Third Appellate District.—June 27, 1939.]

THE PEOPLE, Respondent, v. KENNETH KING, Appellant.

Edmund M. Moor for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—In this case the appellant was convicted by the court, sitting without a jury, of burglary of the second degree.

The defendant was convicted of stealing wool from the De Pue warehouse at Tehama. Some time prior thereto, King and one Tindall had been engaged in a transaction or two where farm products had been purchased in and around Corning, and then taken by Tindall in his pickup truck to nearby points, and there sold, and the profits, if any, divided between the two.

The day prior to the events hereinafter related, Tindall and a man named Crawford met defendant, and after driving about the city of Redding, the three retired to the room of defendant to sleep. It had been previously arranged that they would pick up certain wool in a warehouse near Tehama and take it to Sacramento, where it was to be sold, and return the same day. For that reason, the defendant stated, they all stayed in his room so they could get an early start because he had an alarm clock.

On the morning in question they left the hotel a little before daylight and proceeded to the warehouse, defendant driving the pickup truck which belonged to Tindall. It was then not quite daylight. The headlights of the car were

extinguished as they drove up before one of the unlighted warehouse doors. Tindall, who had recently suffered a broken arm, which he still carried in a cast, opened the door with a key he had, and preceded the other two men into the warehouse. There, after examining certain bags of wool, he designated three particular bags, which the defendant and Crawford loaded into the truck. Tindall, in answer to a question by King, stated that someone owed the wool to him for shearing. On the way to Sacramento they had a flat tire, and while they were fixing the tire Tindall stated to King: "If anything is said about this wool, it is my wool, and I will make it right with you boys."

Upon reaching Sacramento, they proceeded to the receiving platform of the Pacific Fur & Wool Company, where Tindall gave the defendant and Crawford a dollar to get something to eat, and they left, leaving Tindall to close the deal with the wool company. A short time later he joined them in a nearby saloon, having in his possession a check. They then went to a bank where the check was cashed and Tindall gave the defendant and Crawford each $27 as the proceeds of the sale, saying as he did so: "Well, here is yours." Apparently while in Sacramento, the three men consumed considerable liquor, and on the return trip the defendant and Crawford got into an argument, and while they were stopped at a service station near Roseville, Crawford, who was then operating the truck, drove away, leaving the defendant in Roseville. He (defendant) returned to Redding the next day, but from that time on had no further contact or dealings with either of his two companions. A short time thereafter the shortage of the wool was discovered and Tindall and Crawford were arrested and pleaded guilty to burglary.

Four points are urged by appellant for reversal. The first point is that the prosecution failed to prove the *corpus delicti*. In this connection it was established that the wool taken belonged to Holmes & Wing. Mr. Wing testified they knew how many sacks were in the warehouse and knew how many were checked out when the wool was sold, and there were fourteen sacks short. The defendant admits that they took three sacks of wool from the warehouse, and Crawford testified to the same effect. Defendant does not claim he had any authority to move the wool from the warehouse. This, we think, is sufficient to establish the *corpus*

*delicti.* The testimony of the accomplice Crawford was sufficient to prove the *corpus delicti,* and when corroborated by the admission or confession of the defendant, warrants a verdict of conviction. (*People* v. *Snyder,* 74 Cal. App. 138 [239 Pac. 705].)

■ It is next urged that it was error to admit the statement of defendant made to the district attorney and sheriff prior to the trial. The principal objection to the admission of this statement was the contention by appellant that the *corpus delicti* had not been established, and that the admissions of the defendant could not be used as an aid in proving the crime. The statement of defendant, however, was not used to establish the crime, but was admitted for the purpose of connecting the defendant with the commission of the offense. Appellant also argues that the statement was used by the prosecution to establish the element of intent. The question of intent, however, is determined from all the circumstances connected with the offense. Such intent could be gathered from the testimony of Crawford. Also, the fact of the meeting of the three men on the previous evening, their leaving together before daylight, and their approach to the warehouse, turning off the lights and driving to an unlighted doorway, the entry, the manner of the selection of the particular sacks by Tindall, his excuse that somebody owed him money for shearing, are all circumstances from which the court could determine that the entry by defendant was with a criminal intent.

Defendant was asked if he had not stated in answer to the question put to him at the time his statement was taken: "Q. Knowing that this was hot wool, weren't you a little bit afraid to go in there particularly in broad daylight and get it?" And he answered, "Well, yes, I didn't feel comfortable about it. Q. What is your explanation of that? A. Well, I just, I just began to wonder where this here wool was coming from. . . . "

The third point urged by appellant is that the court erred in denying his motion to dismiss count one of the information at the close of the state's case. At that time, upon motion, the court dismissed counts two and three of the information. These two counts charged burglary with intent to receive stolen property, a felony. Count one charged burglary with intent to steal.

■ Upon the motion to dismiss count one, appellant claimed that this count was not established as there was insufficient corroboration of the testimony of the accomplice Crawford. However, the testimony of Crawford is amply corroborated by the witness Wing, and the admissions of defendant himself. Such corroboration may be circumstantial or gained from the defendant's admissions, statements, testimony or conduct as a witness. As the court said in *People v. Todd,* 9 Cal. App. (2d) 237 [47 Pac. (2d) 611]:

"Furthermore, evidence showing a consciousness of guilt, . . . may serve as a requisite corroborative circumstance, . . . "

■ It was finally urged by appellant that the evidence is insufficient to support the judgment. We cannot repeat all the evidence introduced connecting defendant with the offense, but among other things, he was asked:

"Q. What do you mean by saying you didn't feel comfortable about it (entering the warehouse)? A. I was wondering whose wool and how he come in contact with,—how it was under his thumb. Q. As a matter of fact, you knew or suspected at that time, did you not, that the wool was hot? A. I didn't consider it that way. I was wondering how he come in control of the wool and the key to the warehouse. Q. In other words you were suspicious of him at that time? A. Slightly, yes."

Further, the defendant stated: "A. . . . I just thought if he had a key to this and had a key to that, he must make them, see. Q. That made you suspicious of him, didn't it? A. Yes, when I found out that he had a key."

Furthermore, when asked about the arrangements for going to Sacramento and the acceptance of the $27 as his share of the proceeds from the sale of the wool, he was asked: "Q. In other words, you didn't expect any compensation from making this trip to Sacramento? A. It wasn't discussed."

From all of the foregoing facts, the court very properly, both from the testimony and from the circumstances, found that the defendant entered with a criminal intent.

The judgment is affirmed.

Tuttle, J., and Thompson, J., concurred.