[Crim. No. 605. Fourth Appellate District.—February 17, 1941.]

THE PEOPLE, Respondent, v. DON ANDREW, Appellant.

George Stahlman for Appellant.

Earl Warren, Attorney-General, and Lewis Drucker, Deputy Attorney-General, for Respondent.

MORAN, J., *pro tem.*—Appellant was charged with having committed a violation of the provisions of section 288a of the Penal Code, with and upon the person of one Roy Jones, on or about the 20th day of April, 1940, in the county of Orange. Trial by jury was had and a verdict returned finding appellant guilty as charged. A motion for a new trial

was made and denied. Notice of appeal was given from the order denying the motion for a new trial and from the judgment, and there is also a purported appeal from the sentence pronounced against appellant.

The grounds of appeal presented and argued in appellant's opening brief are (1) alleged insufficiency of the evidence to support the judgment, in that the evidence produced to corroborate the testimony of the accomplice was not sufficient to support the verdict of guilty returned against him, (2) that there is a variance between the proof of time of the occurrence of the act charged and the time it is alleged to have been committed in the information, (3) alleged error by the court in giving certain instructions, and (4) that no venue was proven at the trial.

The most important facts are briefly as follows:

Appellant was the owner of a house located at 1975 Diamond Street, Laguna Beach, California. Appellant and said Roy Jones had been very close friends for several years, had lived together during various periods of time and appellant had at different times employed Jones to work for him and was so employing him at the time of the alleged commission of the offense mentioned.

Jones testified that on the evening of Saturday, April 20th, 1940, he went to said house owned by appellant, and remained there that night, that at about 4 o'clock Sunday morning appellant came in, got in bed with him and that they then and there committed said alleged act of sex degeneracy with which appellant is charged. Jones further testified that he and appellant had committed the same act on numerous occasions prior to that time.

On April 28th, 1940, said Roy Jones was arrested on another similar charge to that filed against appellant and was thereafter incarcerated in the Orange County jail. A day or two after Jones was taken into custody appellant was arrested on the charges filed against him herein. He was thereafter released from custody, presumably on bail, and remained at liberty until after the trial of this case. During this period of time that appellant was at liberty he sent Jones $5 a week for several weeks, the total amount, according to appellant's testimony, being $50; appellant also went to said county jail and endeavored to see Jones, but not being permitted to do so, then wrote or printed and sent to said jail

for Jones three different communications, which read in part as follows: (1) "Roy Jones . . . Can't see you. They won't let me. Please don't testify against me." (2) "Ask if you can receive any books or magazines. Anything you wish will be sent. . . . Regardless of what the law does or tries to do it cannot break down those sincere friendships of which there are so few. One who does not stick by his friend in time of trouble is not worthy of the name. Just remember that. . . . When and if you are released and you wish to make a trip and are allowed to, a ticket will be provided by the company, to any point in the U. S. you wish to go. So don't worry about your condition when you get out. . . . A new and different venture will be invested in soon and part or all of the profits will be yours, so that you will be self maintaining when you are free." (3) "It won't be so very long now and probably you will be out. It would be nice to take a vacation somewhere when you do, mountains or something, and you can if you want to." Appellant also took the witness stand at the trial of this case and testified in his own behalf.

█ The first contention of appellant to be made on this appeal, is that the evidence corroborating the testimony of said accomplice, is insufficient to meet the requirements of section 1111 of the Penal Code. The rule as to what extent corroboration is necessary to connect or tend to connect a defendant with the commission of a crime appears in the case of *People* v. *Negra,* 208 Cal. 64, 69 [280 Pac. 354], where the court states: "The evidence tending to connect a defendant with the commission of the crime may be slight and, when standing by itself, entitled to but little consideration. . . . The law does not require that the evidence necessary to corroborate the testimony of an accomplice shall tend to establish the precise facts testified to by the accomplice; and strong corroborative testimony is not necessary to support a judgment of conviction founded on the testimony of an accomplice. Even though circumstantial and slight, the evidence is, nevertheless, sufficient if it tends to connect the accused with the commission of the offense."

In the case of *People* v. *King,* 33 Cal. App. (2d) 538 [92 Pac. (2d) 510], at page 542, the court stated: "Such corroboration may be circumstantial or gained from the defendant's admissions, statements, testimony or conduct as a wit-

ness. As the court said in *People* v. *Todd,* 9 Cal. App. (2d) 237 [49 Pac. (2d) 611] : 'Furthermore, evidence showing a consciousness of guilt, . . . may serve as a requisite corroborative circumstance, . . . ' ".

The information filed against appellant charged him with having on or about the 20th day of April, 1940, committed a violation of the provisions of section 288a of the Penal Code, with and upon the person of said Roy Jones.

█ Aside from the testimony of said accomplice, we find the following facts and circumstances, among others, established by the corroborating evidence, most of them appearing in said communications and the testimony of appellant; Jones was arrested on or about April 28, 1940; appellant was arrested a day or two later; someone informed appellant that Jones had filed a complaint against him; appellant sent Jones $5 a week for ten weeks; appellant was released from custody a short time after his arrest and thereafter went to the jail to see Jones. He was not permitted to do so, so then sent Jones the three communications hereinbefore mentioned. Appellant while testifying in his own behalf made inconsistent statements and many replies to questions propounded to him, that are not consistent with his innocence.

We conclude that the attempt of appellant to influence said accomplice not to testify against him, coupled with his promises of reward, and the other facts and circumstances hereinbefore mentioned, that appear from the corroborating evidence, are not consistent with the theory of innocence but strongly evidence a consciousness of guilt, and, standing alone, implicate the appellant and most conclusively tend to connect him with the commission of the crime; and consequently that said corroborating evidence more than meets the requirements of section 1111 of the Penal Code.

█ Appellant contends that there is a fatal variance between the proof of the time of the occurrence of the act charged and the time that it is alleged to have been committed in the information; and, that the jury entirely disregarded the instructions of the court with reference thereto.

The court charged the jury as follows: " . . . and in this action or in this class of actions it is necessary that the defendant be found guilty of the specific act charged. In this action the offense is alleged to have taken place on or about the 20th day of April, 1940. In order for you to convict the

defendant you must find beyond a reasonable doubt that the specific act alleged in the Information was committed by the defendant. Now, I mean by that, Ladies and Gentlemen of the Jury, that if you convict the defendant you must convict because you find that he committed the act charged upon the 20th day of April, 1940.''

Appellant argues that the jury could not, therefore, convict appellant unless it found that he committed the act charged on the 20th day of April, 1940. There was no evidence that the offense was committed on April 20, 1940, the only evidence as to the time of the commission thereof being that of the accomplice, who testified that it occurred at about 4 o'clock, Sunday morning, April 21, 1940. The court was, therefore, in error in fixing the time as of ''the 20th day of April, 1940'' in the last part of this instruction.

In the body of this instruction the court charged the jury: ''In this action the offense is alleged to have taken place on or about the 20th day of April, 1940.'' In all of the other instructions the court referred to the time that the offense was alleged to have been committed as ''on or about the 20th day of April, 1940.''

The information charged that the offense was committed ''on or about the 20th day of April, 1940''; and the jury found the defendant guilty ''as charged in the Information.''

It is evident that the members of the jury were fully and properly instructed that the offense was alleged to have been committed ''on or about the 20th day of April, 1940'', and that said erroneous instruction did not tend to mislead them. A court will not set aside a verdict and grant a new trial, even if it should find in the record an erroneous instruction which was not calculated to mislead the jury and where the jury was bound to find as it did. (*People* v. *Salorse,* 62 Cal. 139, 144.)

The accomplice, Roy Jones, testified that said alleged offense was committed at about 4 o'clock, Sunday morning, April 21, 1940. This was the only evidence fixing the time of the commission of the offense. The appellant was, therefore, fully informed and knew the facts and circumstances surrounding their occurrence with sufficient definiteness as to time to meet the issue with a defense, if any defense thereto existed. (*People* v. *Barnett,* 99 Cal. App. 409, 414 [278 Pac. 885].)

The appellant testified that he was not at his home, where said offense was alleged to have been committed, on the night of Saturday, April 20, 1940, nor at any time thereafter prior to his arrest, which occurred more than a week later, and he also denied that he committed the act charged. He did not present any other evidence in support of this alibi.

It is therefore, quite apparent that he was not misled in making his defense. The testimony shows that the offense charged was committed in the early morning of the day following the date alleged in the information. In these circumstances, the variance as to date would not be material, unless defendant was misled in making his defense or placed in danger of being twice in jeopardy. (*People* v. *Becker*, 140 Cal. App. 162, 164 [35 Pac. (2d) 196].)

A full consideration of the proof in this case, shows that there was not such a material variance.

Appellant contends that there was no instruction given in this case whereby the jury was instructed that the corroborating testimony, standing alone or without the aid of the accomplice's testimony must tend to connect the defendant with the commission of the crime; and cites the case of *People* v. *Compton*, 123 Cal. 403 [56 Pac. 44], in which the court held that corroborating testimony standing alone, or without the aid of the accomplice's testimony, must tend to connect the defendant with the commission of the crime.

Appellant also contends that the court erred in giving the following instruction: ''You are further instructed that to corroborate an accomplice the evidence need not establish the actual commission of the offense, nor extend to every fact and detail covered by the statements of the accomplice, or to all the elements of the offense, nor prove that the accomplice has told the truth. The corroborative evidence must tend in some slight degree, at least, to implicate the defendant. While it need not be strong, more is required by way of corroboration than mere suspicion. It is sufficient if the corroborating evidence tends to connect the defendant with the commission of the offense, though if it stood alone it would be entitled to little weight. It is not necessary to corroborate the accomplice by direct evidence. If the connection of the accused with the alleged crime may be

inferred from the corroborating evidence in the case it is sufficient.''

The language set forth in the foregoing instruction is iden-' tical with the rule contained in the case of *People* v. *Yeager,* 194 Cal. 452, 472 [229 Pac. 40].

The court also gave another instruction in the exact language of section 1111 of the Penal Code; and, at the request of appellant gave further instructions clearly showing that the testimony of the accomplice must be corroborated by independent evidence, that is evidence sufficient to connect the defendant with the charge.

We believe that the instructions given by the court upon corroborative evidence as hereinabove mentioned are more than adequate and do not come within the criticism of the case of *People* v. *Compton, supra.*

■ Furthermore, appellant cannot now complain of the instructions given by the court upon corroborative evidence, for if he had wanted an instruction including the identical language contained in the case of *People* v. *Compton, supra,* he should have requested it. (*People* v. *Olds,* 86 Cal. App. 130 [260 Pac. 394].)

■ Appellant contends that there is no testimony as to where Laguna Beach is located, either in Orange County or in any other county in the State of California.

There is evidence in the record that the crime was committed in Laguna Beach, and the court will take judicial cognizance of its location and could have properly instructed the jury that Laguna Beach was in Orange County. (*People* v. *Wright,* 79 Cal. App. 523 [250 Pac. 204]; *People* v. *Christian,* 48 Cal. App. 646, 649 [192 Pac. 182]; *People* v. *De Soto,* 33 Cal. App. (2d) 478 [92 Pac. (2d) 466]; and, *In re Meisner,* 30 Cal. App. (2d) 290, 291 [86 Pac. (2d) 124].)

■ An appeal does not lie from the sentence. (*People* v. *Valencia,* 30 Cal. App. (2d) 126 [86 Pac. (2d) 122].)

After carefully reviewing the record of this case, we reach the conclusion that the conduct of the appellant, his testimony and the communications sent to the accomplice, sustain the sufficiency of the evidence to support the verdict as to corroborating circumstances, indicating consciousness of guilt, which standing alone tend to connect the appellant with the commission of the crime; that the fact that the crime appeared to have been committed in the early morning fol-

lowing the day charged in the information does not constitute a material variance for the reason that it comes within the charge of time set forth in the information "on or about the 20th day of April, 1940"; and that the appellant was not misled nor prejudiced by said erroneous instruction; that the trial court fully covered the law as to corroborating evidence by the instructions given upon that subject; and, that the court can take judicial notice that Laguna Beach is in Orange County.

The purported appeal from the sentence is dismissed, and the judgment and order denying the motion for a new trial are and each is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 4, 1941.