[Crim. No. 3671.   Second Dist., Div. Three.   May 25, 1943.]

THE PEOPLE, Respondent, v. HUDSON F. PRITCHARD, Appellant.

Paul Angelillo for Appellant.

Robert W. Kenny, Attorney General, and Robert S. Morris, Jr., Deputy Attorney General, for Respondent.

BISHOP, J. pro tem.—The defendant was charged in two informations with having committed two burglaries, one in connection with the room of Price McNutt, the other at the house of John S. Roberts.  The cases were consolidated for trial, tried, and from the consequent judgments of conviction the defendant has appealed.  The only theory on which a reversal is sought in either case is that the evidence was insufficient to support the conviction.  We find that the evidence was ample.

With respect to the burglarious entry of the room of Price McNutt the defendant presents no argument on

appeal other than this statement appearing at the conclusion of his narration of facts concerning the McNutt case: ''In other words, the conversation at the time of the visit of McNutt to Mr. Pritchard's home clearly indicated that the wearing apparel of McNutt was taken to appellant's home by Chelf.'' The conversation referred to was that of the defendant who said that the goods which had been stolen from McNutt's room had been taken to the defendant's room by one Chelf. It would seem that the statement of the defendant to Officer Lewis, made on a different occasion, that he (the defendant) had taken the goods out of McNutt's room himself, was believed, rather than the explanation he made in the conversation referred to. The defendant was a witness at the trial, but with the express understanding that he was not appearing in the McNutt case, and he gave no testimony concerning it.

■ Defendant's argument in the Roberts' case is limited to the point that the testimony of one whose story made him an accomplice of the defendant was not sufficiently corroborated. The accomplice testified that he entered Roberts' place through a rear window and placed all the movable contents of the house upon the window sill, or on a desk just inside the window. The defendant reached in and took the goods, and made a pile of them outside. They then carried them to the defendant's car, drove with them to the accomplice's room, and then, the next morning, divided them up. The defendant as a witness corroborated this testimony of the accomplice in detail, except that he denied having reached in the window to take any of the stolen property. If authority is needed that such corroboration is sufficient, it is not lacking. (See *People* v. *Negra*, (1929) 208 Cal. 64, 69 [280 P. 354, 357]; *People* v. *Andrew*, (1941) 43 Cal.App.2d 126, 130 [110 P.2d 459, 461]; *People* v. *White*, (1941) 48 Cal.App.2d 90, 94 [119 P.2d 383, 385].)

The judgments of conviction are affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.