[Crim. No. 1910.   Third Dist.   Aug. 17, 1945.]

THE PEOPLE, Respondent, v. HAROLD TRIPLETT, Appellant.

Busick & Busick for Appellant.

Robert W. Kenny, Attorney General, and Ward Sullivan, Deputy Attorney General, for Respondent.

THE COURT.—In an indictment filed in the county of Sacramento, defendant was charged, in three counts, with violations of section 288a of the Penal Code. All of the offenses were alleged to have been committed ''on or about the month of July, A. D. 1943,'' the first with Earl Barnett, and the other two with Richard Hassell.

Defendant demurred to the indictment on the grounds that the facts stated in each count did not constitute a public offense and that said indictment did not substantially conform to sections 950, 951 and 952 of the Penal Code. The demurrer was overruled, and defendant waived a jury trial.

After trial by the court he was duly convicted and thereafter filed a motion for a new trial, the grounds therefor being that the court erred in admitting in evidence an alleged confession of the defendant and in admitting two photographs, that it erred in overruling defendant's demurrer to the indictment, and that the judgment of conviction was contrary to the evidence and contrary to law. The motion for a new trial was denied, and defendant has appealed from the order denying such new trial, and from that alone, the court having granted defendant's motion for probation.

Before this court appellant urges, first, that the trial court should have sustained his demurrer to the indictment for the reason that such indictment did not state the sex of Earl Barnett and Richard Hassell. Section 288a of the Penal Code provides that anyone participating in the act of copulating the mouth of one person with the sexual organ of another is punishable as therein provided. Defendant was charged with copulating his penis with the mouths of Earl Barnett and Richard Hassell. There is nothing in the statute that requires that in order to commit the offense therein stated, the person whose mouth is so copulated must be a male. The offense would be committed if the copulation were with the mouth of a female. There is, therefore, nothing in the point that the sex of Barnett and Hassell was not alleged. Appellant also contends that the indictment does not state an offense because it does not allege that Barnett and Hassell were persons—that their names might have been the names of dogs or horses, or of models in shop windows. We are not impressed with this argument. It was not urged upon the trial court upon the motion for a new trial, and it does not appear that defendant was misled to such an extreme, or that he could have believed that such was the case. He cites *People* v. *Smink*, 105 Cal. App. 784 [288 P. 873], and *People* v. *Hopwood*, 130 Cal. App. 168 [19 P.2d 824], but neither case is pertinent. In the Smink case it does not appear what the allegations of the information were except that they omitted to state the name and sex of the persons upon whom the crimes were committed. In any event the pleading was there held sufficient, in the absence of demurrer or motion in arrest of judgment. In the Hopwood case the charge was not a violation of section 288a, but of section 286 of the Penal Code, and the allegations of the information were entirely dif-

ferent from those in the indictment before us. Also in that case the record of the trial was not before the appellate court which was, therefore, unable to say that there had been no such miscarriage of justice as justified the application of article VI, section 4½, of the Constitution.

In the case before us the reporter's transcript was made a part of the record on appeal and presents a proper case for application of the rule laid down in the constitutional provision, that no new trial shall be granted for any error as to matter of pleading or for any error as to matter of procedure, "unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Also see Pen. Code, § 1404.)

Courts do not favor technical constructions which go to the form rather than to the substance, particularly where a defendant has been tried and convicted. (14 Cal.Jur. 48-49.) And it does not appear that in this case defendant was in any manner misled by the allegations of the indictment. His demurrer was not based upon uncertainty, but only upon the ground that no public offense was stated. The most that could be said in criticism of the indictment is that there was an imperfect allegation of a material fact rather than a total failure to set forth an essential element. (*People* v. *Fuski*, 49 Cal.App. 4, 7 [192 P. 552].)

As for the second ground for reversal—that the trial court erred in admitting in evidence two photographs of defendant which were found in the home of Earl Barnett with whom one of the defendant's offenses was committed, appellant fails to state in his brief that these two photographs were introduced solely for the limited purpose of showing that after his arrest he changed his story and admitted the commission of the offenses charged after he was shown these pictures, and in relation to the contention that his later statement was freely and voluntarily made. There is nothing obscene about them, though in one of them, taken by Barnett, defendant is nude. Their introduction for the limited purpose for which they were offered could have resulted in no prejudice justifying the granting of a new trial, and appellant submits no authorities in support of his argument that their admission was error.

The third ground for reversal urged by appellant is

that his confession was not freely and voluntarily made. The trial court went fully into this matter and, under the evidence, the question whether the confession was freely and voluntarily made became one of fact for the trial court whose conclusion finds ample support in the evidence. Its weight and the veracity of the respective witnesses were for the trial court. At the trial defendant said that he thought it would be easier for him if he made the statement admitting the offenses, and that the statement made after he was shown the photographs was true. There is no evidence that any threats or promises of reward were made to defendant, or that he was coerced. The fact that he was questioned in the nighttime after his arrest at Barnett's home does not justify a conclusion that his statement was not voluntary even though he did testify that he was excited and nervous. His treatment by the arresting officers and those who took his statements seems to have been fair and reasonable under the circumstances, and the fact that defendant at first denied any participation in or knowledge of the sex practices carried on in Barnett's home, and later made his admissions after he was shown the photographs found at Barnett's, justifies the inference that his decision to tell the truth was made after due deliberation and because he had decided that his best interests would be served by so doing.

Appellant relies upon *People* v. *Day*, 125 Cal.App. 106 [13 P.2d 855] ; *People* v. *Dye*, 119 Cal.App. 262 [6 P.2d 313] ; *People* v. *Quan Gim Gow*, 23 Cal.App. 507 [138 P. 918] ; 8 California Jurisprudence 111, section 202; and *People* v. *Jones*, 24 Cal.2d 601 [150 P.2d 801], but they are not persuasive here.

In the Day case the uncontradicted evidence regarding the treatment to which the defendant was submitted for a period of some ten days prior to her alleged confession and while she was in custody without any charge filed against her, is in no sense comparable to the evidence in the case before us. It furnishes no precedent of value. In the Dye case, also, the facts are materially different. Also in that very case the court said that the admissibility of a confession is a preliminary question for the trial court, citing *People* v. *Ferdinand*, 194 Cal. 555, 567 [229 P. 341], and that it is for the trier of facts to determine whether it was freely and voluntarily made; also that, though threats and induce-

ments and any illegal process whereby, through external means of pressure, the free will of a defendant has been overcome, may render a confession inadmissible, even where there have been threats and inducements a confession is not necessarily inadmissible if, at the time it is made, such threats and inducements have ceased to operate upon defendant to bring about his statement of guilt.

It is also urged by appellant that his confession should not have been admitted because he was not advised that his statements might be used against him. But that failure to so advise a defendant is not ground for holding that his confession was not free and voluntary was held in *People* v. *Hoyt,* 20 Cal.2d 306, 314 [125 P.2d 29], where other cases to the same effect are cited. (See *People* v. *Booth,* 72 Cal.App. 160, 168 [236 P. 987] ; *People* v. *Ramirez,* 113 Cal.App. 204, 207 [298 P. 60] ; *People* v. *Clark,* 28 Cal. App. 735, 736 [153 P.2d 980].) In *People* v. *McLachlan,* 13 Cal.2d 45 [87 P.2d 825], defendant contended that his confession was not free and voluntary because the officers who had him in custody told him it would be better for him to confess and if he would they would assist him in procuring hospitalization for injuries from which he was suffering; but the court said, page 51:

"Whatever strength there may have been in the contention that the confession was not voluntary was nullified by the fact that the defendant took the stand at the trial and made admissions which cannot be regarded otherwise than as a confession of his commission of the crime. The question as to whether or not the confession was properly obtained in the presence of the four officers was a matter within the province of the court to decide, and there being no inherent improbability as to the truth of the testimony given in support of its admission, we would not be justified in reversing the cause on the ground that the confession was not obtained in the manner prescribed by the statute."

That case is similar to the one before us in that McLachlan made his confession after he was confronted with the facts of the case and told of the discovery, in his toilet, of the shoes of the child with whose murder he was charged. Here defendant made his confession after being shown the nude photograph of himself found in Barnett's house; and at the trial he admitted the truth of the confession.

■ A further contention of appellant is that the evidence is insufficient to sustain the conviction—that there is no evidence that the crime was committed during the last of August or the first of September, except the testimony of Richard Hassell, which, he argues, contains certain inconsistencies. But the sufficiency of the evidence and the veracity of the witness Hassell were matters for the trial court; and though Hassell was contradicted in some respects by others who denied being present at the time when Hassell stated they were, it was for the trial court to decide whose testimony it would accept. Also appellant asserts that Hassell was an accomplice and that his testimony lacks the necessary corroboration. ■ As to acts testified to by Hassell between Barnett and defendant Hassell was not an accomplice, and if he was an accomplice to the offenses charged in counts 2 and 3, defendant's confession was sufficient to constitute corroboration. In *People* v. *White,* 48 Cal.App.2d 90 [119 P.2d 383], the court said that the evidence of the corpus delicti, the forgery of checks, might be proven by an accomplice, and that defendant's confession, and his admission at the trial that it was true, were sufficient corroboration of his commission of the forgery. (Also see *People* v. *Andrew,* 43 Cal.App.2d 126, 129-130 [110 P.2d 459]; *People* v. *Pritchard,* 58 Cal.App.2d 791, 792 [137 P.2d 697]; *People* v. *Negra,* 208 Cal. 64, 69-70 [280 P. 354]; *People* v. *Armstrong,* 114 Cal. 570 [46 P. 611]; *People* v. *Sullivan,* 144 Cal. 471, 473 [77 P. 1000]; *People* v. *King,* 33 Cal. App.2d 538, 542 [92 P.2d 510]; *People* v. *Todd,* 9 Cal.App.2d 237, 242 [49 P.2d 611].)

■ Appellant also contends that the evidence produced by him as to his whereabouts during the months of August and September, 1943, is sufficient to establish an alibi, and to show that he could not have committed the offenses charged at the times alleged and testified to by Hassell. But the veracity of defendant's witnesses and the sufficiency of this evidence were also for the trial court. Furthermore, while the evidence of the alibi witnesses was that defendant was employed during August and September of 1943, and worked at night, admittedly there were certain periods when he was absent from his work even at night, for he did not work Sundays, and he was absent a few times allegedly because of sickness; and though he endeavored to show that during absences for sickness he was at his

home, the trial court was not compelled to believe this testimony, especially in view of defendant's own admission at the trial that the admissions made by him in his previous statement were true. We cannot say, as matter of law, that it was impossible under the evidence for defendant to have committed the offenses charged, nor can we say that the trial court should have accepted the testimony of the alibi witnesses rather than that of Hassell.

Finally it is urged by appellant that there is a fatal variance between the allegations of the indictment and the proof; that the indictment charged the commission of the offenses "during or about the month of July, A.D. 1943," that defendant's admissions did not cover that period and that Hassell's testimony was that they were committed the last of August or first of September. But what Hassell said was that it was "in about August 1943"; that he was positive that it was in August, and that it was in the evening, but that he could not state the day of the week. The statement given by defendant was that he had engaged in immoral activity at Barnett's with Hassell "over a year ago," under circumstances similar to those testified to by Hassell—a strip poker party, where the penalties imposed consisted in performing the acts charged in the indictment. He admitted that the pictures of him taken by Barnett might have been taken in July, 1943, but he could not fix the time. Also he could not fix the time when he committed the acts with Hassell, but said it was previous to the taking of the pictures; that it was some time during 1943. We think this evidence was sufficient to show the commission of the offense "on or about July" as charged. Unless an offense is such only if committed on a certain day, such, for instance, as the sale of liquor on an election day, it is immaterial that the proof does not show the exact day or month or even the year. It is said in 14 California Jurisprudence 97, section 73, that if time is not of the essence of the crime charged the People may prove that the act was committed at any time before the indictment or information, and within the period of limitation. (Also see *People* v. *Allen*, 144 Cal. 298, 301 [77 P. 948]; *People* v. *Rice*, 73 Cal. 220, 221 [14 P. 851]; *People* v. *Branch*, 77 Cal.App. 384, 392 [246 P. 811]; *People* v. *Tracy*, 50 Cal.App.2d 460, 465 [123 P.2d 138]; *People* v. *Black*, 45 Cal.App.2d 87,

104 [113 P.2d 746].) Appellant relies upon *People* v. *Morris,* 3 Cal.App. 1 [84 P. 463], and *People* v. *Waits,* 18 Cal.App. 2d 20 [62 P.2d 1054], but, as pointed out in *People* v. *Ralls,* 21 Cal.App.2d 674, at page 678 [70 P.2d 265], they are both distinguishable, as in both of them the testimony fixed the time of the commission of the offense at a definite hour on a definite day. In the case before us neither Hassell nor defendant was able to fix the day of the commission of the offenses. Assuming that Hassell's testimony fixed the time as an evening in August or September, 1943, defendant's attempt to prove an alibi was not affected thereby as his alibi testimony purports to cover both of those months. The question of fact as to whether defendant established an alibi was for the trial court as the trier of facts, and its conclusion will not be disturbed on appeal.

Respondent contends that the sufficiency of the indictment is not reviewable on appeal from an order denying a new trial where, as here, no judgment was entered (citing *People* v. *Duncan,* 50 Cal.App.2d 184, 186, 187 [122 P.2d 587]; *People* v. *Turner,* 39 Cal. 370, 371; *People* v. *Sanchez,* 23 Cal.App. 742, 743 [139 P. 820]; *People* v. *Darcy,* 59 Cal.App.2d 342 [139 P.2d 118]; *People* v. *Weiskopf,* 60 Cal.App.2d 214 [140 P.2d 201]); but as we are satisfied that the appeal is without merit it is not necessary to pass upon that question.

The order denying a new trial is affirmed.