[Crim. No. 1395. Second Appellate District, Division One.—October 18, 1926.]

THE PEOPLE, Respondent, v. H. B. WRIGHT, Appellant.

[1] CRIMINAL LAW — VIOLATION OF WRIGHT ACT — INTOXICATING LIQUORS—VENUE—EVIDENCE.—In this prosecution for the sale of intoxicating liquor in violation of the Wright Act, while the prosecution failed to make direct proof that the offense was committed in the county designated in the information, that fact was sufficiently proven by the testimony of witnesses in whose presence the offense was committed and by the evidence of a deputy sheriff of the county, who made the arrest.

[2] ID.—VENUE — OFFICES AND OFFICERS — PERFORMANCE OF OFFICIAL DUTIES — PRESUMPTIONS.—In such prosecution, the testimony having shown that the deputy sheriff was acting as such at the time when the offense was committed, and that he was on defendant's premises, although not within the house when the sale was made, it is a necessary inference that he was so acting within the state of California, and that the offense to which his testimony refers was committed within the state of California, it being a presumption of law, under subdivision 15 of section 1963 of the Code of Civil Procedure, that official duty has been regularly performed.

[3] JUDICIAL NOTICE—CITIES—BOUNDARIES.—Courts take judicial cognizance of the existence and local bounds of a city within the state.

[4] ID.—EVIDENCE—PRESUMPTIONS.—The court will take judicial notice that the city of Ontario is within the county of San Bernardino, and when witnesses referred to Ontario, and to streets in Ontario, it will be presumed that they intended to speak of the city of Ontario.

---

(1) 16 C. J., p. 768, n. 89, p. 769, n. 91, 94; 33 C. J., p. 772, n. 74, p. 773, n. 75.   (2) 16 C. J., p. 540, n. 59.   (3) 16 C. J., p. 515, n. 13, 14.   (4) 16 C. J., p. 515, n. 18.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Charles L. Allison, Judge.   Affirmed.

The facts are stated in the opinion of the court.

C. B. Conlin and E. R. Simon for Appellant.

---

3.   See 10 Cal. Jur. 710; 15 R. C. L. 1083.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

YORK, J.—The only question raised is whether or not the offense charged against the defendant was proved to have been committed in the county of San Bernardino, state of California. The evidence fails to disclose the use of the words "San Bernardino" or "state of California" by any of the witnesses in fixing the place where the sale of liquor was alleged to have occurred; but it does affirmatively appear from the evidence that the offense charged occurred at the home of defendant Wright, and that the home of the defendant Wright was at Ontario at the time of the commission of the offense charged, to wit: on or about the thirteenth day of January, 1926.

[1] While there was gross carelessness on the part of the prosecution in failing to make direct proof that the offense was committed within the county of San Bernardino there were certain circumstances proved which are sufficient to serve as proof of that fact. The alleged offense was committed in the presence of the witnesses Sampson and Griffith, the witness Orindorff being at that time on Wright's premises, but outside the house, and not where he could witness the delivery of the liquor or payment of the money. Orindorff testified that he, Orindorff, lived at Etiwanda, San Bernardino County, California; that he was a deputy sheriff of San Bernardino County; that he was acting as deputy sheriff on the thirteenth day of January, 1926; that on the evening of that day, on A Street, in Ontario, he met Sampson and Griffith, and, in Orindorff's automobile, went with them to the house of the defendant Wright. There is other evidence showing that at the time and place last above mentioned, the transactions occurred whereby the alleged sale of intoxicating liquor was made by the defendant. There is also evidence that the liquor was taken to the Chemist Hawkinson of Upland, California, and was analyzed by him on the twenty-first day of January.

[2] Since the testimony shows that Orindorff was acting as deputy sheriff of San Bernardino County, California, at the time when the offense was committed, and that he was on Wright's premises, although not within the house when

the sale was made, it is a necessary inference that he was so acting within the state of California, and therefore that the offense to which his testimony refers was committed within the state of California. It is a presumption of law (satisfactory, if uncontradicted) that official duty has been regularly performed. (Code Civ. Proc., sec. 1963, subd. 15.) **[3]** Further, courts may take judicial cognizance of the existence and local bounds of a city within the state. (*People v. Mueller,* 168 Cal. 521, 524 [L. R. A. 1915B, 788, 143 Pac. 748]; *People v. Christian,* 48 Cal. App. 646, 649 [192 Pac. 182].) **[4]** The city of Ontario is within the county of San Bernardino. When the witnesses referred to Ontario, and to streets in Ontario, it will be presumed that they intended to speak of the city of Ontario. (*In re Marincovich,* 48 Cal. App. 474 [192 Pac. 156].)

There being no merit in the appeal, the judgment and order are affirmed.

Conrey, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1926.