[Crim. No. 1512. Second Appellate District, Division One.—October 14, 1927.]

THE PEOPLE, Respondent, v. FRED PADILLA, Appellant.

J. C. Thomas for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

YORK, J.—The principal contentions of appellant are, first, that the county in which the offense is alleged to have occurred was not proven on the trial, and, second, that there was no evidence that defendant took the wheat as charged. As to the first question the attorney-general's brief apparently quoted certain words as to Alpaugh being "in the county of Tulare," which we do not find in the transcript before us. However, there is evidence following this statement as to Alpaugh and as to the location of the ranch from which the wheat was taken, and as to the distances and as to the county line; and a map of Tulare County was before the jury when the owner was asked as to the location of the land from which his wheat was abstracted—part

of the evidence being: "Q. And whereabouts is the county line? A. Right at the west edge. Q. This is over right east of the county line? A. Joins the county line on the east." This statement and this line of questioning at the trial having taken place in the county of Tulare, and the court taking judicial cognizance of the fact that Alpaugh is in the county of Tulare, the proper and only inference that can be drawn from the record is that the land from which the grain was abstracted was in the county of Tulare, near the west edge of the county and on the east side of the county line of the county of Tulare.

Concerning the testimony of D. O. Howard as to the town of Earlimart being located in the township of which he was constable, to wit, Alila, it was not necessary that there should have been any testimony showing in what county said township was located. The court will take judicial cognizance of its location and could have properly instructed the jury that the said town was in said township. We believe that the case of *People* v. *Wright,* 79 Cal. App. 523 [250 Pac. 204], properly sets forth the law as to judicial cognizance, in spite of the fact that possibly some attorneys still think that the judicial procedure known as a trial is merely a chance for a display of their forensic effort and technical by-play. The law fortunately does not require a useless thing, although it is true that in the absence of technical objection thereto, the simplest way to prove the venue was to have witnesses testify as to what county the grain was located in at the time it was stolen. However, it clearly appears from the record, independent of the judicial cognizance which the court had a right to rely on, that the property from which the grain was abstracted was in the county of Tulare. Even stretching the evidence to the point appellant desires, it might be construed, that the offense was committed at or on the boundary line between Tulare County and the adjoining county, but reference is made by appellant to section 777 of the Penal Code only, no reference being made by appellant to section 782 of the Penal Code, which provides: "When a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county."

The proof of theft is circumstantial, but nevertheless sufficient.

The other points raised are not worthy of discussion.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1927.