[Crim. No. 1769. Second Appellate District, Division One.—March 28, 1929.]

THE PEOPLE, Respondent, v. A. L. STEVENS, Appellant.

M. C. Spicer for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

YORK, J.—The defendant was convicted of having in his possession and control one still worm, two still caps, one still condenser and one stilling device, all of which articles are alleged to have been designed for use in the manufacture and production of intoxicating liquor for beverage purposes.

The information, under which the appellant was tried and convicted, is sufficient in that it states facts sufficient to constitute a public offense under the provisions of the

"Act relating to stills," found in Statutes of 1927, page 497.

The venue was amply proved not only by the statement as to location of a certain ranch, but by reference to certain streets in Ontario, and the location of the property where the still was found with reference to its being in Cucamonga township just outside the city limits of the town of Ontario. The fact that this township and town are wholly within the county of San Bernardino is a fact of which the court can take judicial cognizance. (*People* v. *Wright*, 79 Cal. App. 523 [250 Pac. 204].)

There was sufficient evidence to support the finding of the jury that the defendant was guilty, as charged. It is not necessary, under the law, that there should be direct evidence to show any intent on the part of the appellant to use the articles in the manufacture of intoxicating liquor for beverage purposes. The charge that was submitted to the jury was that of having in his possession the property described, *which articles were designed for use* in the manufacture or production of intoxicating liquor for beverage purposes. There was evidence that the articles found by the officers were such articles as the defendant was charged in the information with having in his possession, and that these articles were each of them *designed* for use in the manufacture or production of intoxicating liquor for beverage purposes.

It is not necessary that all of the component parts of a still should be produced by the prosecution, or that proof should be introduced that the articles found in his possesssion were sufficient to make a complete still, from which intoxicating liquor could be produced. The section of the statute does not require any more proof than proof of the facts alleged in the information.

No objection was here made to any of the instructions given and the one objection to the introduction of evidence is answered by the statements hereinbefore contained in this opinion.

The judgment and order denying motion for new trial are therefore affirmed.

CONREY, P. J., and HOUSER, J., Concurring.—We concur in the judgment.

 We wish to make it clear, however, that in our opinion the word "designed" as used in the statute implies an intention of the defendant to use the prohibited articles for the unlawful purpose described in the statute. This being so, the information charging the offense in the language of the statute is sufficient. We think also that there is in the record sufficient evidence to support the implied finding that the defendant did intend to use the distilling devices referred to in the information in the manufacture and production of intoxicating liquor for beverage purposes.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 9, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1929.

All the Justices present concurred.