[Crim. No. 2313. Second Appellate District, Division One.—May 4, 1933.]

THE PEOPLE, Respondent, v. SIDNEY L. PINCUS, Appellant.

Lois B. Preston for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone for Respondent.

YORK, J.—Defendant was charged in two informations filed by the district attorney of Los Angeles County with nine counts of issuing checks without sufficient funds. Defendant pleaded not guilty and not guilty by reason of insanity, but later withdrew the plea of not guilty. When the case was called for trial, amended informations were filed to include two prior convictions of felony. Defendant being arraigned on the amended informations, pleaded not guilty by reason of insanity, and admitted the prior convictions. He was tried by the court without a jury on the issue of insanity, was found sane and convicted of the crime charged. This is an appeal from the judgment entered pursuant to the findings of the court and from an order denying defendant's motion for a new trial.

While defendant was present in the courtroom at the commencement of his trial, his attorney entered the plea of not

guilty by reason of insanity, and at the same time defendant himself admitted the prior convictions.

Appellant now contends that the plea of not guilty by reason of insanity is in reality a plea of guilty as to the offense charged, and therefore must be made by defendant personally. Appellant also contends that he did not personally waive his right to a trial by jury and that he was thus deprived of his constitutional right to a jury trial.

We believe there is no merit in this latter point in view of the circumstances that took place before the trial court at the commencement of the trial, to wit:

*"The Court:* Now, Mr. Pincus, this is the time set for trial on these two amended informations. They have been consolidated, and we will try them together, go to trial on both informations. You are entitled to be tried by a jury of 12 persons, or you may waive the jury and be tried by the court without a jury. What do you want to do? Whatever you want to do we will agree to.

*"The Defendant:* I want to be tried before you.

*"The Court:* You want to be tried by the court without a jury. Now, Mr. Fox, do you waive a jury in behalf of your client?

*"Mr. Fox:* Yes, your Honor.

*"The Court:* Do you waive a jury in behalf of the state.

*"Mr. Thomas:* We will consent to the waiver, your Honor."

The answer of the defendant, "I want to be tried before you," in reply to the court's explanation was a sufficient waiver of the right to a trial by jury.

Taking up appellant's first point as to his plea of not guilty by reason of insanity, section 1016 of the Penal Code, as amended in 1927, provides as follows: " . . . A defendant who pleads not guilty by reason of insanity, without also pleading not guilty, thereby admits the commission of the offense charged." Section 1026 of the Penal Code provides: " . . . If the verdict or finding be that the defendant was sane at the time the offense was committed, the court shall sentence the defendant as provided by law."

In the case of *People* v. *Hickman,* 204 Cal. 470, at 476 [268 Pac. 909, 912, 270 Pac. 1117], the Supreme Court of this state, in reviewing the sections of the Penal Code above mentioned says: "It was held, very early in our history,

that there was no provision of the state Constitution, or of any statute, which prevented a defendant charged with murder from pleading guilty instead of having a trial by jury, and that if he elects to plead guilty to the indictment, the provision of the statute for determining the degree of guilt, for the purpose of fixing the punishment, does not deprive him of any right of trial by jury. (*People* v. *Noll,* 20 Cal. 164.) *People* v. *Lennox,* 67 Cal. 113 [7 Pac. 260], and *People* v. *Chew Lan Ong,* 141 Cal. 550 [75 Pac. 186, 99 Am. St. Rep. 88], are to the same effect. By a parity of reasoning, we are of the view that a statute which, in addition to the usual pleas, merely permits a defendant in a criminal case, if he is so advised, to plead guilty, in effect, by failing to deny the commission of the offense charged, but which preserves to him the right to submit to a jury the issue that he should not be punished because he was insane at the time he committed the act, in no way deprives him of his constitutional right to a jury trial."

Although it might appear from the above that the plea of not guilty by reason of insanity is an admission of guilt, and although it may plausibly be argued that such plea must be made by defendant himself in open court, as provided by section 1018 of the Penal Code; yet on closer analysis it becomes clear that such plea is only an admission of commission of the acts charged, coupled with a denial of guilt, such denial resting upon the remaining defense of insanity. It will be noted that the attorney for appellant did not say, "I enter a plea of not guilty by reason of insanity," but stated, "We enter a plea of not guilty by reason of insanity." This was immediately followed by the remarks made by the defendant himself, "I admit the prior conviction." This shows that it was really a plea by defendant himself, and that it did not result, by reason of the form in which it was made, in a miscarriage of justice, nor did it deprive defendant of any right that he is entitled to under the law.

The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933.