[Civ. No. 11942.   Second Appellate District, Division Two.—December 19, 1938.]

DAVID B. WARNOCK, Appellant, v. ROLLIN KRAFT, Respondent.

Hansen & Sweeney and Stephen Monteleone for Appellant.

W. I. Gilbert for Respondent.

McCOMB, J.—This is an appeal from a judgment in favor of defendant predicated upon the granting of defendant's motion for a nonsuit in an action to recover damages for malpractice.

So far as material the essential facts are:

June 22, 1936, plaintiff received personal injuries while riding on a drag attached to a tractor. He was unconscious for several days and among other injuries suffered a dislocation of one of his toes. Defendant, a physician and surgeon practicing in the city of Pasadena, who treated him, failed to have an X-ray taken of plaintiff's foot, although plaintiff frequently complained of pains in it, with the result that such injury was not discovered until several months after the accident occurred.

At the time of the trial, after Dr. Gordon Havstad was qualified as an expert physician and surgeon familiar with the ordinary and usual practice of physicians and surgeons in the city of Los Angeles, he was asked by plaintiff's counsel a hypothetical question framed to show that plaintiff had not been treated by defendant with the knowledge and skill ordinarily possessed by physicians and surgeons in the city of Pasadena.

This is the sole question to be determined:

*Is a physician and surgeon who is qualified to testify as to the degree of care and skill possessed by the average practitioner in metropolitan Los Angeles also qualified to give an expert opinion upon a question of medical practice pertaining to the act of a physician and surgeon whose practice is confined to the city of Pasadena?*

■ This question must be answered in the affirmative. The law is established in California that in a malpractice case to qualify a physician as an expert it must be shown that the witness possesses learning and knowledge of the subject under inquiry sufficient to qualify him to speak with authority on the subject, and also a familiarity with the treatment and degree of care and skill of other practitioners in the locality in question sufficient to qualify him to testify whether or not the treatment furnished the plaintiff was consistent with what other physicians in the same community in the exercise of reasonable care would do under similar circumstances. (*Rasmussen* v. *Shickle,* 4 Cal. App. (2d) 426, 430 [41 Pac. (2d) 184].)

■ The answer to the question in the instant case is dependent upon the definition of the word "locality". So far as our research discloses the word "locality", in connection with the above stated rule of law, has never been defined by the courts of California. "Locality" is defined in Funk & Wagnalls Practical Standard Dictionary (1938) as "a definite region in any part of space; geographical position". The theory supporting the rule of law above stated is that a doctor in a small community or village, *not having the same opportunity and resources for keeping abreast of the advances in his profession,* should not be held to the same standard of care and skill as that employed by physicians and surgeons in large cities. ■ In the present case, however, it is a matter of common knowledge that the city of Pasadena and the city of Los Angeles are contiguous, are located in the same county, and have the same general hospital; that it is less than twenty miles from the business center of one of such cities to that of the other; and that in the absence of signs marking the city limits of the respective cities one would be unable to determine the boundary line between them. It is a matter of common knowledge also that physicians and surgeons in both cities belong to the same medical society, attend

the same lectures, and have available the same facilities for the treatment of patients and for keeping abreast of the advances in their profession.

We therefore hold that a physician and surgeon practicing in the city of Los Angeles and qualified to give an expert opinion as to the ordinary care and skill required of a physician and surgeon in that city is also qualified to express an expert opinion upon whether a physician and surgeon practicing in the city of Pasadena has exercised that degree of care and skill ordinarily possessed by physicians and surgeons in the city of Pasadena; also, that for the purposes of the rule of law above stated, the cities of Los Angeles and Pasadena are in the same locality. (See *Turner* v. *Stoker*, (Tex. Civ. App.) 289 S. W. 190, 193; *Sampson* v. *Veenboer*, 252 Mich. 660 [234 N. W. 170, 171]; *Willard* v. *Norcross*, 86 Vt. 426 [85 Atl. 904, 906]; *Tennant* v. *Barton*, 164 Wash. 279 [2 Pac. (2d) 735, 737]; *Iterman* v. *Baker*, (Ind. App.) 15 N. E. (2d) 365, 371.

For the foregoing reasons it was prejudicially erroneous for the trial judge to sustain the objection to the hypothetical question asked Doctor Havstad.

The judgment is reversed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 12, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1939.