[Crim. No. 385.    Fourth Appellate District.—June 29, 1939.]

THE PEOPLE, Respondent, v. ROBERT WYNN, Appellant.

Joseph Seymour for Appellant.

Earl Warren, Attorney-General, Bayard Rhone, Deputy Attorney-General, Earl Redwine, District Attorney, and Russell S. Waite, Deputy District Attorney, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced upon defendant sentencing him to life imprisonment for the murder of his wife.

Defendant was charged with murder in the first degree. He entered pleas of guilty, and not guilty by reason of insanity. A jury found him sane. It was stipulated that the evidence in the trial on the question of his sanity might be considered in fixing the degree of the crime. When the trial

judge found him guilty of murder in the first degree and sentenced him to be imprisoned for life, this appeal followed.

By the foregoing recitation of the procedure permitted in this case we do not wish to be understood as intimating that a defendant should be permitted to enter the pleas of guilty, and not guilty, by reason of insanity. (See, sec. 1016, Pen. Code; *People* v. *French,* 12 Cal. (2d) 720 [87 Pac. (2d) 1014]; *People* v. *Pincus,* 131 Cal. App. 607 [21 Pac. (2d) 964]; *People* v. *Morgan,* 9 Cal. App. (2d) 612 [50 Pac. (2d) 1061].) That question is not presented for decision here.

■ Defendant presents but one question on this appeal, namely, the sufficiency of the evidence to sustain the finding that he was guilty of murder in the first degree. He urges that we should reduce the crime to manslaughter, or, at most, murder in the second degree. His argument is divided into two phases, (1) that defendant was too intoxicated at the time of the killing to entertain an intent to kill, and (2) that defendant and his wife, his victim, had lived in conjugal bliss for fifteen years and there was no evidence justifying the conclusion of the trial judge that the killing was done with malice aforethought.

The evidence on the question of defendant's intoxication at and before the time of the killing is conflicting. Several witnesses testified that while he had been drinking, and was not perfectly sober, he was not drunk. As one witness put it, ''He wasn't drunk. . . . He had been drinking, yes, sir, but he wasn't plumb under the influence.'' Defendant's actions and conversation for several hours prior to and at the time of the killing were detailed with great particularity. This testimony is strong evidence that while he was mildly intoxicated, he was not so drunk as to preclude him from forming a specific intent to kill. Because some witnesses swore to a greater degree of intoxication is not sufficient to permit us to upset the implied finding that defendant was capable of and did entertain a specific intent to kill his wife when he shot her. (*People* v. *Morales,* 26 Cal. App. (2d) 442 [79 Pac. (2d) 771].)

■ There is overwhelming evidence in the record upholding the conclusion that the killing was done with malice aforethought.

Defendant was a farmer living near Blythe in Riverside County. He went hunting on Saturday afternoon, October 1, 1938, taking with him a twenty-two rifle and a small gauge shotgun. Upon his return home he left one of the guns there. He also owned a .30–30 repeating rifle which he kept in his house. This gun was not taken on the hunting trip.

During the early evening of October 1st, defendant drove his wife, his daughter and a friend to Blythe. The .30–30 rifle was not in defendant's automobile on this trip. He sent his wife and daughter to a picture show while he spent the evening with friends drinking wine and beer. Mr. and Mrs. Wynn met after the show and an altercation followed. At about midnight defendant went home. Later he returned to Blythe and had with him the .30–30 rifle. He went to a service station to await a police officer whom his wife had called after the altercation. At that time Mrs. Wynn and her daughter were hiding in the service station rest room. They came out of their hiding place when the police officer arrived. Mr. and Mrs. Wynn and the officer talked over the quarrel. The policeman believed Wynn was sufficiently quieted so that he would not continue the quarrel. The officer told defendant to take his wife and daughter and go home. The officer left the service station and went on about his business.

Mrs. Wynn had been contemplating leaving defendant because of his drunkenness and abuse of herself and their daughter. She refused to go home with him and started down the street towards a restaurant. Wynn followed in his automobile. As Mrs. Wynn and her daughter hurried into the restaurant Wynn fired one shot at his wife, missing her. She ran to the rear of the restaurant and hid in a small closet. Wynn followed her there, took deliberate aim at her with his rifle and killed her.

The foregoing is a brief summary of part of the evidence which supports the judgment of the trial court. There can be no doubt that defendant committed a deliberate, premeditated murder with malice aforethought and is guilty of murder in the first degree.

The judgment is affirmed.

Barnard, P. J., concurred.