[Crim. No. 1810.   Third Dist.   Nov. 21, 1942.]

THE PEOPLE, Respondent, v. FRANK BASTIO, Appellant.

A. A. Mull, Jr., for Appellant.

Earl Warren, Attorney General, and J. Q. Brown and T. G. Negrich, Deputies Attorney General, for Respondent.

ADAMS, P. J.—This is an appeal from a judgment of conviction of a violation of section 288 of the Penal Code of California, after trial by the court. Appellant makes two contentions, one, that the evidence is insufficient to show that the Superior Court of Sacramento County had jurisdiction of the offense, and, two, that appellant did not lawfully consent to waiver of trial by jury.

The facts of the case are as follows: Defendant was on terms of intimacy with one Rose Gonzales, who lived at 1221 G Street, Sacramento, with her two small daughters, Gladys, aged 8 years, and Gloria, aged 10 years. Rose Gonzales was employed as a taxi dancer at 418 K Street, and on May 23, 1942, defendant went to see her at her place of employment and arranged to meet her at the corner of 6th and K Streets after 3 a. m. when she finished work. About 2:45 a. m. he left the dance hall and drove in his car to her home. There he called the daughter Gloria to the door, and told her that her mother was in the car and wanted to see her. The child, clad only in her nightgown, went to the car, which was parked about two houses down the street. Finding that her mother was not there she started back to the house, whereupon defendant grabbed her, put her into the car, and drove off. He drove first to a place known as Pete's & Marion's, on the 12th Street Road on the near side of the American River Bridge, but finding the place closing, drove across the bridge, and, according to the child's testimony, "by some military place." There he stopped the car and committed the offense charged, after which he returned with the child to her home, arriving there about 4:45 o'clock in the morning.

In the meantime, Rose Gonzales, failing to find defendant at the meeting place designated by him, had returned to her home, and finding Gloria missing, had called the police. When Bastio and the child returned to her house, Rose Gonzales detained defendant until the arrival of police officers who took him into custody.

In a statement made by defendant to the district attorney, which statement was introduced at the trial, he denied that he had taken the child out of the city of Sacramento, alleging that he had merely driven around town looking for the mother. But he now contends that the evidence is insufficient to show venue in Sacramento County, that there is a "military place" in Sutter County, that the offense, if any, was committed in Sutter County, and that the Supe-

rior Court of Sacramento County had no jurisdiction thereof.

Respondent contends that the evidence is sufficient to show that the offense was committed in Sacramento County, that there is no evidence that Bastio took the child into Sutter County, that this court should take judicial notice that both McClellan Field and Mather Field are military places in Sacramento County, and that they are reached by crossing the American River Bridge over the 12th Street Road; also that venue need not be proven beyond a reasonable doubt, and, furthermore, that even if the offense charged was finally consummated in Sutter County, section 781 of the Penal Code gives jurisdiction to both Sacramento and Sutter Counties.

We are of the opinion that the evidence sufficiently shows that the offense was committed in Sacramento County. There is no evidence that the defendant drove outside that county, and he denies that he did.

The decisions of the courts of this state justify this court in taking judicial notice of what is common knowledge within the jurisdiction, to wit, that both McClellan Field and Mather Field are military places within the county of Sacramento, and that both are reached by crossing the American River Bridge over the 12th Street Road. (§ 1875, subd. 8, Code Civ. Proc.; *People* v. *Tossetti,* 107 Cal.App. 7, 10 [289 P. 881]; *People* v. *Wright,* 79 Cal.App. 523 [250 P. 204]; *People* v. *Stevens,* 98 Cal.App. 28, 29 [276 P. 155]; *Warnock* v. *Kraft,* 30 Cal.App.2d 1 [85 P.2d 505]; *Kingston* v. *Hardt,* 18 Cal. App.2d 61, 63 [62 P.2d 1376]; *In re Marincovich,* 48 Cal. App. 474 [192 P. 156]; *Johnston* v. *Wolf,* 208 Cal. 286, 290 [280 P. 980].)

Venue in a criminal case need not be proven beyond a reasonable doubt (*People* v. *Montgomery,* 32 Cal.App.2d 43, 45 [89 P.2d 184]; *People* v. *DeSoto,* 33 Cal.App.2d 478, 480 [92 P.2d 466]), and as we are satisfied that the evidence is ample to support the inference that the offense was committed in Sacramento County (*People* v. *Carter,* 10 Cal.App.2d 387, 389 [52 P.2d 294]; *People* v. *West,* 34 Cal.App.2d 55, 59 [93 P.2d 153]; *People* v. *Harkness,* 51 Cal.App.2d 133, 138-139 [124 P.2d 85]), it is unnecessary to determine whether or not the offense is of such a nature as to come within the provisions of section 781 of the Penal Code which provides for jurisdiction in either county where an offense is committed in part within one and in part within the other.

Appellant's contention that he did not lawfully consent

to the waiver of a trial by jury is without merit. The record shows that when defendant was first arraigned he entered a plea of guilty and applied for probation, but that when he appeared before the probation officer he contended that he was innocent, and he was thereafter permitted to change his plea. On the day set for trial he appeared with his counsel, Mr. Mento, the People being represented by Mr. Lawrence, deputy district attorney. The following then occurred:

"MR. LAWRENCE: . . . This man wants to waive trial by jury? MR. MENTO: Yes. THE COURT:¹ Now, Mr. Bastio, in the case of the *People* v. *Frank Bastio,* Number 15297, your counsel informs the court that you desire to withdraw—desire to be tried without a jury. Is that correct? DEFENDANT: That is right. THE COURT: You understand that it is your right to have a jury trial, do you? DEFENDANT: Yes; I do. THE COURT: And at this time, you desire to withdraw—desire to waive trial by jury; is that right? DEFENDANT: That is right. THE COURT: Do you join in that, Mr. Mento? MR. MENTO: Yes; we do. THE COURT: Do you join in that, Mr. District Attorney? MR. LAWRENCE: Yes. We have no objection, Your Honor. THE COURT: That is all."

Article 1, section 7 of the Constitution of California provides that trial by jury may be waived in criminal cases by the consent of both parties, expressed in open court when such consent is given by both defendant and his counsel. No stereotyped language expressing such waiver need be used by the parties, it being necessary only that the words used in their ordinary meaning show an intention to submit the case to a court without a jury. In *People* v. *Pincus,* 131 Cal.App. 607 [21 P.2d 964], the statement of the defendant to the court, "I want to be tried before you," was held to be a sufficient waiver. Also see *People* v. *Noland,* 30 Cal.App.2d 386, 388 [86 P.2d 363].

The judgment is affirmed.

Schottky, J. pro tem., Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 17, 1942.