[Crim. No. 3925.   Second Dist., Div. One.   Nov. 8, 1945.]

THE PEOPLE, Respondent, v. WILLIAM J. SMITH,
Appellant.

Crispus A. Wright for Appellant.

Robert W. Kenny, Attorney General, and Everett W. Mattoon, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was accused by information with the crime of burglary while armed with a deadly weapon. A trial by jury was duly waived and a trial by the court resulted in a judgment of guilty, from which defendant appeals.

It is contended on appeal that, "the defendant was denied a trial by jury without having duly waived the same in violation of his constitutional rights."

· The record reveals the following:

"THE COURT: People against William J. Smith. Are you waiving a jury trial in this matter?

"THE DEFENDANT: Yes.

"THE COURT: Is this satisfactory to the District Attorney?

"MR. HOPKINS: Yes.

"MRS. ELLNER: (Defendant's Attorney) We are going to stipulate that the transcript of the preliminary as it is now, be considered as evidence and the only question involved is as to the degree.

"MR. HOPKINS: We will agree to the stipulation to submit it on the preliminary transcript.

"THE COURT: Very well, I will read the transcript and it may be considered in evidence and made a part of the reporter's transcript on any appeal."

It is argued that, "Nowhere in the proceedings did Mrs. Ellner, defendant's attorney, waive a trial by jury in behalf of the defendant or herself. Defendant was entitled to representation by counsel and was being represented by counsel, and unless defendant's counsel joined in the waiver, there could be no waiver of trial by jury by the defendant alone while he was so being represented by counsel." Appellant relies on article I, section 7 of the California Constitution, which reads as follows:

"The right of trial by jury shall be secured to all, and remain inviolate; . . . A trial·by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, . . . ."

Defendant's counsel's stipulation that, "the only question involved is as to the degree," was for all practical purposes an admission of guilt by defendant's counsel, for, upon a plea of guilty to the offense of burglary, the court determines the degree. Thus a jury was, in effect, waived. The Constitution does not provide· how the "consent," referred to therein shall be expressed, whether in writing, orally, directly, indirectly or otherwise. The record as quoted above, sustains the trial court's obvious conclusion that the expression contemplated by the Constitution was clearly manifested by defendant's counsel. To hold otherwise would be attributing nonsense to an apparently serious statement of defendant's counsel. In *People* v. *Bastio,* 55 Cal.App.2d 615 [131 P.2d 614] the court declared: "No stereotyped language expressing such waiver need be used by the parties, it being necessary only that the words used in their ordinary meaning show an intention to submit the case to a court without a jury."

There being no errors the judgment is affirmed.

York, P. J., and White, J., concurred.