[Crim. No. 3977. Second Dist., Div. Two. Apr. 17, 1946.]

THE PEOPLE, Respondent, v. THELMA PUGHSLEY,
Appellant.

Walter L. Gordon, Jr., and Crispus A. Wright for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been accused of murder and of assault with a deadly weapon with intent to commit murder, appellant was convicted of the latter offense and of manslaughter. ▪ The only ground of appeal is that "the defendant was tried without a jury in violation of her constitutional rights." In view of the fact that the evidence submitted to the court shows conclusively that the appellant by the use of a deadly weapon under the heat of passion or excite-

ment shot and killed one Elmer L. Wright, a human being, and that her identity was definitely established, no question remains for consideration except that raised by appellant's assignment.

In this she must fail. After both parties had announced ready for trial defendant's counsel and defendant both in audible language stated to the court in reply to its inquiry that appellant was willing to waive her right to a trial by jury. The deputy district attorney thereupon stated: ''We are ready your honor. . . . So far as the people are concerned we are willing to submit our case on the testimony taken at the preliminary examination, subject to the right of either side to offer any additional evidence they desire.''

That the deputy district attorney who represented the People at the trial heard and comprehended the defendant's waiver of a jury trial is established by the fact that after defendant and his counsel had audibly stated that it would be a court trial the deputy announced his readiness to proceed and to submit the case upon the record made at the examining trial. Such conduct could indicate nothing other than that the People waived a trial by jury. ▮ Such waiver may be expressed by any word or act that clearly indicates to the court the wishes of counsel. (*People* v. *Smith,* 71 Cal.App. 2d 555 [163 P.2d 94]; *People* v. *Bastio,* 55 Cal.App.2d 615 [131 P.2d 614].) There is no constitutional or statutory provision specifying the manner in which such waiver must be expressed other than article I, section 7 of the Constitution.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.