Strafford, Jan. 5, 1949. } No. 3801.

STATE *v.* ALCIDE A. FORCIER.

*Frank W. Peyser*, County Solicitor (by brief), for the State.

*Alfred Catalfo, Jr.* (by brief), for the respondent.

PER CURIAM. At common law, the defense of insanity may be raised under the plea of not guilty. 3 Bishop, New Crim. Proc. (2d .ed.) s. 669; Orfield, Criminal Procedure from Arrest to Appeal, 305. The common law rule prevails in most jurisdictions today, although by statute in a few states, the issue of insanity may or must be presented by special plea. Orfield, *supra*, 309; Am. Law Inst., Code Crim. Proc. s. 235, and commentary, *p*. 679, *et seq*.

In this jurisdiction, a plea of "not guilty by reason of insanity or mental derangement" is permitted by statute. R. L., c. 429, s. 2. While the special plea was first provided for in 1850 (Laws 1850, c. 962, s. 1), the defense was cognizable before adoption of the statute (R. S., 1843, c. 225, s. 21), and was presumably tendered under the plea of not guilty.

Standing by itself, the statutory plea is in the nature of a confession and avoidance, which admits commission of the physical act by the respondent but denies responsibility for it. *State* v. *Long*, 90 N. H. 103, 106. By joining the plea with a plea of not guilty, the respondent indicated a purpose to assert all defenses open to him. Such a course might properly be followed under the provisions of some statutes (see *People* v. *Pincus*, 131 Cal. App. 607; 2 So. Cal. Law Rev. 53) and inconsistent pleas are not unknown to our practice. *Bean* v. *Insurance Company*, 94 N. H. 342. With respect to criminal pleading, it has recently been said: "Modern criminal pleading is designed to get away from the older rules as to fixed chronological order of pleading, as to the prohibition of more than one plea at a time, and limiting the right to plead over." Orfield, *supra*, 284.

In the circumstances of the instant case, however, no occasion for the use of two pleas was presented. By common law the defenses

sought to be raised by the respondent were open to him under the plea of not guilty. In sanctioning the use of a special plea, the Legislature showed no intention to narrow the scope of the plea of not guilty. When the statutory plea is used, if it is accepted by the State, the respondent may be committed without trial. R. L., c. 429, ss. 2, 3. The plea is designed for separate use. Since the plea of not guilty embraces the defense of insanity, the statutory plea can serve no useful purpose in combination with it.

A motion for leave to withdraw the statutory plea and substitute a plea of not guilty, if granted by the Trial Court, would permit the respondent to make the defense which he desires. No reason is apparent from the record before us why justice would not require that such a motion be granted. See 22 C. J. S. 638, s. 421. The ruling of the Trial Court correctly stated the effect of the plea first entered, and the order must be

*Exception overruled.*