[Crim. No. 1141.   Fourth Dist.   June 19, 1957.]

THE PEOPLE, Respondent, v. LESTER BECKWORTH, Appellant.

E. Scott Dales, under appointment by the District Court of Appeals, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of burglary (violation of Pen. Code, § 459), a felony. He was arraigned on September 14, 1956, with his counsel present, and it was stipulated that he had been informed of his legal rights. A plea of not guilty by reason of insanity only was entered, and it was stipulated that the degree of the burglary was second degree. The court appointed two alienists to ex-

amine the defendant as to his sanity and to report to the court. The matter was then continued to October 9, 1956.

On October 9, the date set for trial, it was stipulated by counsel for the State and counsel for the defendant that the issue of sanity, raised by the defendant's plea, was to be determined solely upon the written reports of the doctors appointed by the court. After considering the reports the court found that the defendant was sane at the time of the commission of the offense, and the matter was referred to the probation office for a presentence investigation. On October 26, the court considered the probation officer's report and arraigned the defendant for judgment. Probation was denied and the defendant was sentenced to state prison for the term prescribed by law. On November 2, the defendant, in propria persona, filed a notice of appeal.

At the request of the appellant this court appointed an attorney to represent him on this appeal. This attorney has filed a report stating that he has been advised by the appellant that his only contention is that he was denied the right of a trial by jury; that he has carefully examined the complete record; and that he has concluded that the appellant does not have any meritorious grounds for an appeal. After examining the record we agree with this conclusion.

By pleading not guilty by reason of insanity without also pleading not guilty the defendant admitted the commission of the offense charged and thereby waived any right to a jury trial on that issue. (Pen. Code, § 1016; *People* v. *Walker*, 33 Cal.2d 250 [201 P.2d 6].) With respect to the plea of not guilty by reason of insanity it was stipulated that this issue should be submitted on the doctors' reports. The record shows that when this was done the court asked the appellant "Is that satisfactory to you?" and that the appellant replied, "Yes, sir." This constitutes an express waiver of a jury trial and fully complies with the requirement stated in *People* v. *Barnum*, 147 Cal.App.2d 803 [305 P.2d 986] and cases there cited, to the effect that the consent of the defendant to a trial before the court without a jury must be expressed by him personally and may not be implied. As was said in *People* v. *Bastio*, 55 Cal.App.2d 615 [131 P.2d 614], "Article 1, section 7, of the Constitution of California provides that trial by jury may be waived in criminal cases by the consent of both parties, expressed in open court when such consent is given by both defendant and his counsel. No stereotyped language expressing such waiver need be used by the parties, it being

necessary only that the words used in their ordinary meaning show an intention to submit the case to a court without a jury.''

The appellant having waived a jury trial, in open court, with respect to both issues, there is no merit in his present sole contention that he was denied the right of a trial by jury.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.